IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALYCE GOODALL | § | |
| | § | |
| v. | § | NO. 4:23-CV-01006-SDJ-BD |
| | § | |
| BLUELINE SERVICES L.L.C. | § | |

**MEMORANDUM OPINION AND ORDER**

Alyce Goodall sued Blueline Services, L.L.C. for alleged violations of the Fair Credit Reporting Act. Dkt. 13 (operative complaint). Blueline moved to stay discovery pending resolution of its motion to dismiss. Dkt. 16; *see* Dkt. 14 (motion to dismiss). The motion to stay discovery will be granted.

Although a discovery stay is "the exception rather than the rule," *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008), a federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of . . . dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); 6 James W. Moore et al., Moore's Federal Practice § 26.105[3][c] (3d ed. 2010)).

Blueline argues that the case should be stayed because (1) its Rule 12(b)(6) motion to dismiss could preclude the need for discovery altogether; (2) the issues addressed in its motion are largely legal rather than factual in nature; (3) a stay would not prejudice Goodall; and (4) at the time of Blueline's filing, Goodall had not responded to the motion to dismiss, which Blueline took to mean that Goodall has abandoned her claims.

Goodall has now responded to the motion to dismiss. Dkt. 18. But she did not respond to Blueline's stay motion. Accordingly, the court presumes that Goodall "does not controvert the

facts set out by [Blueline] and has no evidence to offer in opposition to the motion" for a stay of discovery. Loc. R. CV-7(d).

It is **ORDERED** that the motion, Dkt. 16, is **GRANTED**. The case is **STAYED** pending resolution of Blueline's motion to dismiss, Dkt. 14.

So **ORDERED** and **SIGNED** this 18th day of February, 2025.

_____
Bill Davis
United States Magistrate Judge