## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ALYCE GOODALL** | § | |
| | § | |
| **v.** | § | **NO. 4:23-CV-01006-SDJ-BD** |
| | § | |
| **BLUELINE SERVICES L.L.C.** | § | |

### MEMORANDUM OPINION AND ORDER

Heather Hersh filed an unopposed motion to withdraw as counsel for plaintiff Alyce Goodall. Dkt. 27. The motion will be granted.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). This court has adopted the Texas Disciplinary Rules of Professional Conduct as a guide for governing the obligations and responsibilities of all attorneys appearing before it, including for determining good cause for withdrawal. Loc. R. AT-2; *see* Tex. Disciplinary Rules Prof'l Conduct 1.16(b). Under those rules, good cause for withdrawal exists if "a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement." Tex. Disciplinary Rules Prof'l Conduct 1.16(b)(4). Here, Hersh asserts that "[t]here are fundamental disagreements between [her] and [Goodall]" that "pertain to crucial decisions such as litigation strategy, settlement, and other decisions" and that impede her "ability to represent [Goodall's] interests effectively and ethically." Dkt. 27 at 1. That is sufficient cause for withdrawal, and Hersh also provided Goodall with written notice of her intent to withdraw more than a month ago.

"Even where good cause for withdrawal exists, it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (quotation marks omitted). "This requires the court to consider certain additional factors before allowing an attorney to withdraw," which can include: "(1) the extent to which the

attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.*

This case has been pending for more than a year. The defendants filed a motion to dismiss on February 1, 2024, which has been fully briefed. Dkt. 14; *see* Dkts. 18 (response), 19 (reply). The court has also recently stayed the case pending resolution of that motion. Dkt. 28. In this situation, the relevant factors weigh in favor of granting Hersh's unopposed motion to withdraw.

It is **ORDERED** that the motion, Dkt. 27, is **GRANTED**. The Clerk of Court is instructed to terminate Heather Hersh as counsel. Shawn Jaffer will continue to represent Goodall unless and until he successfully moves to withdraw as well.

So **ORDERED** and **SIGNED** this 19th day of February, 2025.

_____
Bill Davis
United States Magistrate Judge